# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

eabramowitz@maglaw.com
212-880-9500

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
DEVIN M. CAIN
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 20, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2/21/2020

**BY ECF**
Honorable Edgardo Ramos

Re: *Jane Does Nos. 1-10 v. Nygard et al.*, No. 20-cv-01288 (ER)

Dear Judge Ramos:  **MEMO ENDORSED**, last page.

  This firm represents the Defendants in the referenced matter, Peter J. Nygard, Nygard Inc., Nygard International Partnership, and Nygard Holdings Limited. In accordance with Section 2.A of Your Honor's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion to dismiss and to strike the Complaint.

  This action — in which Mr. Nygard and the other Defendants have been accused falsely of engaging in sex trafficking in violation of the Trafficking Victim Protection Act ("TVPA") — represents the latest attempt (in a long-running campaign) by Louis M. Bacon, a billionaire hedge fund manager, to inflict devastating harm on Mr. Nygard and the Nygard businesses. The conflict between Messrs. Nygard and Bacon began more than ten years ago in connection with a property dispute. Since then, Mr. Bacon has escalated the conflict into an all-out war against Mr. Nygard. As set forth in a lawsuit that Mr. Nygard recently filed against Mr. Bacon in this District (where Mr. Bacon is domiciled, but Mr. Nygard is not), Mr. Bacon's efforts to destroy Mr. Nygard have included offering bribes to women to induce them to (i) falsely claim that Mr. Nygard sexually abused them, and (ii) find other women who are willing to do the same. *Nygard et al. v. Bacon*, No. 19-1559, Dkt. No. 58-1, ¶¶ 440-84. Indeed, one such woman has described, in a sworn statement, being (i) offered $10,000 to make up "false juicy stories" about Mr. Nygard, and (ii) told that Mr. Bacon "wanted [such] stories about forceful sex, indecent assault and underage girls even if they are not true." *Id.* ¶¶ 466-70. Another woman has described, also in a sworn statement, being offered $10,000 for "made up and false criminal sex stories involving Mr. Nygard." *Id.* ¶ 476. Yet another woman recently admitted to Mr. Nygard that Mr. Bacon wanted her "to make up stories about [him] with younger girls." *Id.* ¶ 540.

  This lawsuit — which Defendants understand is being funded by Mr. Bacon, *id.*, Dkt. No. 65 at 2-3 — arises out of Mr. Bacon's efforts to pay witnesses to make up stories about non-existent sexual assaults. If this case proceeds beyond our motion to dismiss, Mr. Nygard would

prove that these allegations are complete fabrications. For the reasons set forth below, however, the case should be dismissed for lack of personal jurisdiction, and if not dismissed outright, its class claims should be stricken, and other of its claims also should be dismissed or stricken.

### A. This Court Lacks Personal Jurisdiction Over Defendants

For this Court to exercise personal jurisdiction over Defendants, Plaintiffs must establish that there is "a statutory basis for personal jurisdiction" over each Defendant, and "the exercise of personal jurisdiction [over each Defendant] comport[s] with constitutional due process principles." *E.g.*, *Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). Here, however, there is no statutory basis for personal jurisdiction over any Defendant because, among other things, Plaintiffs cannot show that a "strong nexus" or "direct relation" exists between their claims and any Defendant's well-pled in-state activities. *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983).

Moreover, even if a statutory basis for jurisdiction existed, Plaintiffs cannot show that the exercise of jurisdiction over any Defendant would comport with due process. Among other things, Plaintiffs cannot establish that (i) any Defendant "purposefully directed [his or its] activities at residents of [New York], and the litigation results from alleged injuries that 'arise out of or relate to' those activities," *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 674 (2d Cir. 2013), or (ii) any Defendant is domiciled or incorporated in New York, has its principal place of business in New York, or has such substantial contacts with New York as to render him or it "at home" in New York, *Sonera Holding B.V. v. Cukurova Holding, A.S.*, 750 F.3d 221, 223, 225 (2d Cir. 2014). None of the corporate Defendants is incorporated in, has its principal place of business in, or has such substantial contacts with New York so as to render it "at home" in the state.[1] Likewise, Mr. Nygard is not a domiciliary of New York, owns no property in New York, is not alleged (through any well-pled facts) to have engaged in any misconduct that arises out of activities in New York, and lacks the type of substantial contacts that would render him "at home" in New York. Mr. Nygard also is not a citizen or a permanent resident of the U.S.

### B. The Complaint's Class Action Allegations Should Be Stricken

Courts will grant motions to strike class action allegations when, as here, it is clear "from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [that the p]laintiffs may be able to obtain during discovery." *Garcia v. ExecuSearch Grp., LLC*, 2019 WL 689084, at *2 (S.D.N.Y. Feb. 19, 2019) (citation omitted). Among the requirements for certifying a class are that (i) anyone within the proposed class would have Article III standing, and (ii) the proposed class is ascertainable. *See, e.g., Calvo v. City of New York*, 2017 WL 4231431, at *2-3 (S.D.N.Y. Sept. 21, 2017); *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 97 (S.D.N.Y. 2010).

---

[1] Although Nygard Inc. has described its "world headquarters" as being in New York, *see Nygard et al. v. Bacon*, No. 19-1559, Dkt. No. 58-1, ¶ 3, its principal place of business and home for purposes of a personal jurisdiction analysis is in California. Indeed, in registering with the New York Department of State, Nygard Inc. identified both its Principal Executive Office and Chief Executive Officer as located in California.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Here, Plaintiffs have proposed several putative classes, which broadly consist of women who either met with Mr. Nygard, or recruited other women to meet with Mr. Nygard, "(a) to audition for or to discuss involvement in modeling for any of the Nygard Companies; or (b) to attend a meeting or event facilitated, hosted, or underwritten by the Nygard Companies." Compl. ¶¶ 509-12. These proposed classes represent an improper attempt by Plaintiffs to drastically expand the scope of this case, because they do not distinguish between women who purportedly experienced a cognizable injury under the TVPA and those who did not, and thus include as putative class members women who lack Article III standing. For this reason alone, Plaintiffs' proposed classes cannot be certified.[2] *See, e.g., Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006). Moreover, Plaintiffs cannot cure this defect, because even if they limited the proposed classes to include only women who purport to have experienced an injury under the TVPA, the classes still would not be ascertainable, since the "class definition [would impermissibly] link[] class membership with the merits of the class members' claims." *E.g., Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *7 (S.D.N.Y. Nov. 13, 2009).

### C. The Complaint Has Numerous Other Defects

In addition to its jurisdictional and class defects, the Complaint also has other defects.

*First*, the Complaint seeks to assert claims that are time-barred. For example, one of the 10 Plaintiffs, Jane Doe No. 10, alleges that the conduct that forms the basis of her TVPA claims occurred in 2003, and that she turned 18 in 2006. Compl. ¶ 463. Under the TVPA, a claim must be brought no later than 10 years after (i) the relevant conduct occurred or (ii) the complainant turned 18. 18 U.S.C. § 1595(c)(1). Accordingly, this Plaintiff's claims are time-barred. Moreover, the Complaint is devoid of factual allegations that would justify the equitable tolling of this Plaintiff's (or any other Plaintiff's or putative class member's) claims.

*Second*, the Complaint contains "immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). For example, the Complaint alleges that Mr. Nygard paid bribes to officials in the Bahamas. *See* Compl. ¶¶ 116-32. In addition to being false, these scandalous allegations are conclusory and have no bearing on any issues in this case. They should therefore be stricken, along with other, comparable scandalous and irrelevant allegations in the Complaint. *See, e.g., Comprehensive Inv. Servs. v. Mudd*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012).

*Third*, the Complaint seeks to pursue claims based on conduct that purportedly occurred (i) outside of the United States, and (ii) before Congress amended the TVPA to apply extraterritorially in 2008. *See, e.g.*, Compl. ¶¶ 66, 497. All such claims should be dismissed, as prior to 2008, "claims based on conduct occurring outside the United States [were] not actionable" under the TVPA. *See, e.g., Plaintiff A v. Schair*, 2014 WL 12495639, at *3 (N.D. Ga. Sept. 9, 2014).

We look forward to providing Your Honor with further detail concerning the significant deficiencies in the Complaint at a pre-motion conference.

---

[2] Plaintiffs' proposed classes also suffer from other dispositive defects under Fed. R. Civ. P. 23 that Defendants intend to raise in their motion to dismiss and to strike.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

                                                Respectfully submitted,

                                                /s/ Elkan Abramowitz

                                                Elkan Abramowitz

cc:     Plaintiff's counsel (by ECF)

---

A pre-motion conference will be held on March 5, 2020 at 4:30 PM. Plaintiff is directed to submit a written response by February 27, 2020.

SO ORDERED.

                                                Edgardo Ramos, U.S.D.J
                                                Dated: 2/21/2020
                                                New York, New York