# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
DEVIN M. CAIN
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 29, 2020

Re: *Jane Does Nos. 1-46 v. Nygard, et al.*, No. 20-cv-01288 (ER)

Dear Judge Ramos:

We represent defendants Peter J. Nygard and Nygard Holdings Ltd. and write respectfully to provide the Court with additional information relevant to plaintiffs' allegations of "evidence destruction" by former Nygard employee Greg Fenske. *See* Dkt. 42 at 2.

To support their allegations, plaintiffs rely on the Receiver's Supplementary First Report, which states, in relevant part, that (i) the user "Nygard.com\GregFenskeGGF5140 . . . deleted a total of 1,059 files on March 18, 2020, between 8:44am CST and 6:37pm CST (the 'Fenske File Deletion Log')," and (ii) the Receiver "continues to review the File Deletion Logs, including the Fenske File Deletion Log, to determine the appropriateness of the data / document deletions," "is currently working with the Debtors' IT staff to attempt to recover the deleted data / documents," and "continues to review this matter and will consider with counsel what appropriate further action to take, if any." Dkt. 44 at Ex. D ¶¶ 22-23.

After we submitted our letter on this topic, *see id.*, we obtained access to what we understand to be the Fenske File Deletion Log.[1] Based on the file names in the Log, there is no obvious link or pattern to the documents that the Log reports were deleted, let alone an indication that those documents relate to the allegations that are at the core of plaintiffs' complaint. The Log thus does not lend any support to the inference plaintiffs seeks to draw—namely, that Mr. Fenske engaged in an intentional effort to destroy evidence relevant to this case.

Further, after accessing the Log, we had a follow-up discussion with Mr. Fenske. Based on that discussion, we still have no reason to believe that Mr. Fenske took any action to destroy evidence on March 18, 2020, or on any other date. Mr. Fenske similarly denies being instructed to destroy evidence by Mr. Nygard or anyone else. Rather, based on our discussion with Mr.

---

[1] Because the Receiver has not made the Log available publicly and has characterized the Log as containing "sensitive commercial information," Dkt. 44 at Ex. D. ¶ 22, we are not filing it on the docket and, instead, pursuant to the Court's rules, will seek permission to email a copy of it to the Court. We will provide a copy to plaintiffs' counsel upon entry of an appropriate protective order or at the direction of the Court.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Fenske, we understand that, to the extent he deleted any documents from company servers (whether on March 18, 2020, or any other date), such deletions would have been limited to (i) his personal documents (such as documents relating to his own medical treatment or purchases of personal items), and (ii) company documents that he believed were not covered by the document preservation notice, were redundant or otherwise unnecessary to maintain, and were deleted as part of a normal corporate process to preserve storage space.  We also understand that, to the extent Mr. Fenske deleted any items from company servers, those items would be recoverable from back-up tapes in the possession, custody or control of the Receiver, as well as potentially through the same software application that we understand the Receiver likely used to generate the Fenske File Deletion Log in the first place.

Because the Receiver now has control of the relevant company servers and back-up tapes and, as noted above, "is currently working with the Debtors' IT staff to attempt to recover the deleted data / documents" and "to determine the appropriateness of the data / document deletions," *id.* at ¶ 23, further inquiries on this issue should await the completion of the Receiver's review.  Moreover, in light of the Receiver's ongoing inquiry into the matter, and under the circumstances described herein, no reason exists to begin a separate inquiry into the reported deletions—particularly when there is nothing linking Mr. Nygard to the alleged events, Mr. Fenske has denied any intent to destroy evidence, the contents of the so-called Fenske File Deletion Log appear inconsistent with an effort to destroy evidence related to the case, and the Receiver apparently will be able to recover any documents that may have been deleted.

For the foregoing reasons, as well as the reasons set forth in our letter of May 21, 2020, the plaintiffs' efforts to bring a "show cause motion" regarding alleged spoliation should be denied.

Respectfully submitted,

/s/ Christopher B. Harwood

Christopher B. Harwood

cc:     Plaintiffs' counsel (by ECF)