

**DICELLO LEVITT GUTZLER**

444 MADISON AVENUE   FOURTH FLOOR   NEW YORK, NEW YORK 10022

GREG G. GUTZLER
GGUTZLER@DICELLOLEVITT.COM
646.933.1000

October 9, 2020

**BY ECF**

Honorable Edgardo Ramos
40 Foley Square
New York, New York  10007

      Re:    *Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-01288 (ER) (S.D.N.Y.)

Dear Judge Ramos,

      Plaintiffs seek an Order from the Court requiring Defendants to comply with their discovery obligations and confirm that they will dutifully preserve all evidence, including backup tapes and metadata, that are presently at risk of destruction and/or corruption by the Canadian receiver proceeding. On September 25, 2020, the Nygard Canadian bankruptcy receiver stated that, if a transferee does not collect the physical records and servers, it "intends to abandon, destroy or otherwise dispose of the Transferred Records and Data Storage Equipment."[1]  Further, counsel for the receiver advised Plaintiffs' counsel of likely complications with preserving electronically stored data, explaining that there is a substantial risk that removing the servers from their current location at Nygard's Inkster property, without downloading or transferring the data, will cause alteration, corruption, or destruction of the data they contain due to technological limitations of the devices.  *See* Affidavit of Greg Fenske*,* Dkt. No. 71-2 at ¶¶ 12-14 (attached as Exhibit B).[2]

      Pursuant to the Receivership Order, "the Receiver shall be under no obligation whatsoever to take any actions or steps with respect to the Jane Doe Proceeding, including but not limited to defending against such proceeding, and (ii) the Receiver shall have no liability whatsoever in respect of [this] Proceeding." *See* Receivership Order at ¶ 13 *See* Receivership Order at [Page 12], [April 20, 2020], Canadian Court [CI 20-01-26627]. Although "[t]he Foreign Representative wishe[d] to make clear from the outset that it does not intend to interfere with the relief the plaintiffs are seeking in the Class Action Lawsuit," (Receiver's Verified Petition at 4 (attached as

---

[1] *See* Notice of Motion of the Receiver (attached as Exhibit A), Dkt. No. 71-1 at 5-6 (Sept. 29, 2020).
[2] Defendants have submitted the affidavit of Greg Fenske in the Canadian Court proceedings—the very executive identified by the receiver to have deleted over 1,059 files on the date the receiver took control of Defendants' computer systems—to advocate that Defendants be given immediate access to the evidence. Yet, despite requesting immediate access to the evidence at issue, Defendants' counsel has refused to affirmatively state they will preserve all relevant evidence. *See* Affidavit of Greg Fenske (Ex. B).

Exhibit C)), during a September 30, 2020 phone call with Plaintiffs' counsel, counsel for the receiver reiterated the limited mandate of the receivership—liquidate Defendants' assets, and nothing more. Receiver's counsel also made Plaintiffs aware that Defendants' Inkster property is conditionally sold and that this property, which contains a large volume of evidence relevant to this litigation (including multiple servers and thousands of boxes of records), will be cleared out soon.

In the face of this impending loss of evidence, Plaintiffs' counsel immediately requested confirmation from Defendants' counsel that they will ensure the preservation of relevant evidence, including backup tapes, that the receiver indicated it may destroy. *See* Email Correspondence (attached as Ex. D). Defendants refused to do so; instead, Defendants side-stepped their obligations,[3] and asserted that the Canadian Court was overseeing a process in which others (other debtors, the receiver, and Plaintiffs) were working with the receiver on preservation issues, and that the evidence was not in imminent danger of destruction. *See id.*

But Defendants are missing the point and avoiding the issue; and by doing so, they again jeopardize evidence in this case. ***Defendants have the obligation to ensure these records are preserved. It is not the receiver, the Canadian Court, nor Plaintiffs' obligation to do so***. Rather than affirmatively stating that they will preserve the evidence (as they are required), Defendants have foisted that responsibility on Plaintiffs and the Canadian receiver, implying that, because the Canadian Court is overseeing a process in which Plaintiffs' counsel is participating, they have no present obligation to ensure the preservation of evidence. *See* Notice of Motion of the Receiver (Ex. A). The bankruptcy receivership, however, does not relieve Defendants of their duty to ensure that relevant evidence is preserved and their improper refusal to do so prejudices Plaintiffs. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216-18 (S.D.N.Y. 2003). If Defendants refuse to commit to preserving all evidence, including backup tapes, then Plaintiffs request that the Court order that all evidence may be turned over to Plaintiffs for storage and safekeeping (at Defendants' expense).

For background pertinent to this issue, during the June 3, 2020 hearing regarding Defendants' spoliation of evidence, Plaintiffs showed that Defendants failed to implement appropriate measures to ensure the preservation of relevant evidence.[4] In addition, Plaintiffs showed that Defendants had intentionally destroyed thousands of records relevant to this

---

[3] Defendants' counsel refused to commit to preserving evidence and took the position that Plaintiffs' concerns were "premature." *See* Dkt. No. 70 (attached as Exhibit E). ("[I]t appears to us that the application plaintiffs submitted to the Court yesterday is premature."). But the concerns are legitimate and planning now for the preservation of relevant evidence is timely. The solution is simple – Defendants must commit to preserving all evidence, including metadata and backup tapes.

[4] Despite Defendants' obligation to preserve all relevant evidence from the point they reasonably anticipated litigation, they did not issue a litigation hold until more than a year after they were obligated to do so, and one day ***after*** Plaintiffs notified them of the destruction of evidence—which was almost two weeks after the case was filed. *See* Ryan Thorpe, Internal memo tells Nygard employees to preserve documents, Winnipeg Free Press (March 11, 2020), *available at* https://www.winnipegfreepress.com/local/internal-memo-tells-nygard-employees-to-preserve-documents-568713862.html (attached as Exhibit F).

litigation.[5]  Despite the nebulous and unsubstantiated claim that they took "appropriate steps to preserve evidence," Defendants, in fact, intentionally deleted at least 10,488 files[6] *after* the belated litigation hold was finally issued, and on the same day the receiver was to take control of Defendants' computer systems.  Although recognizing that the facts were "suggestive perhaps of wrongdoing," the Court determined that there was no need for further action because the records, according to Defendants' counsel, including the backup tapes for the deleted documents, were safely in the possession of the receiver.  *See* Transcript of Hearing, Dkt. No. 55 at 32:2-13 (June 3, 2020) (attached as Exhibit G).  But now, the receiver has requested permission to relinquish control of the evidence and perform other actions that will imperil the integrity of that evidence, including the critical backup tapes.  Therefore, Plaintiffs respectfully request an Order from this Court requiring Defendants to commit to preserving all evidence, including metadata and the aforementioned backup tapes.[7]

Defendants' letters to the Court do not address the issue sufficiently.  In the receivership proceedings, Defendants have apparently requested immediate access to certain of the documents and files for (allegedly) financial purposes.  Nonetheless, Defendants refuse to state that they will properly preserve all evidence (including the metadata and backup tapes), and rather, improperly attempt to shift their burden to ensure that such evidence is preserved to Plaintiffs or the receiver.  Given their failure to issue a timely litigation hold and their prior deletion of relevant evidence, Plaintiffs have legitimate concerns that, without a court order, Defendants will not take affirmative steps to ensure the preservation of evidence presently in the receiver's possession, but of which they have requested immediate access.  *See* Fenske Aff. (Ex. B).

To prevent irreparable harm to Plaintiffs, this Court, respectfully, should enter an Order now, requiring Defendants to take affirmative steps to preserve all relevant evidence in the possession of the bankruptcy receiver and to identify steps they will take to ensure the preservation of such evidence.  Should Defendants fail to ensure the preservation of relevant evidence, the Court, respectfully, should issue appropriate sanctions because Defendants have had ample time and notice to comply with their preservation obligations and prevent this impending loss of evidence.  Plaintiffs further respectfully request a 30(b)(6) deposition to ensure the steps Defendants intend to take to locate, preserve, and ensure accessibility to electronically stored information are sufficient and will not result in the destruction of evidence.  These measures are reasonable and necessary to prevent irreparable harm to Plaintiffs.

---

[5] Plaintiffs have no way of knowing exactly what evidence was deleted, but deletion logs show that, at the very least, among the deleted records were photos of "parties" where Plaintiffs allege that potential sexual assaults were committed, as well as documents showing over $28 million in cash withdrawals from corporate bank accounts after this litigation was initiated.

[6] *See* Richter Advisory Group Inc. Supplementary First Report of the Receiver, at ¶ 22 (Apr. 27, 2020), *available at* https://www.richter.ca/wp-content/uploads/2020/03/36-receivers-supplementary-first-report-final5452551-1.pdf (attached as Exhibit H).

[7] Plaintiffs' counsel attempted to resolve this issue without Court intervention, but Defendants' counsel refused to take a position.  *See* Dkt. No. 70 at 1 (Ex. I).

      We look forward to further addressing these issues and others, should the Court determine that a hearing is appropriate.

                                        Respectfully Submitted,

                                        */s/ Greg G. Gutzler*

                                        Greg G. Gutzler

cc: Defense counsel (by ECF)