# Exhibit E

# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
––––––
WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND
––––––
COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS
––––––
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

September 29, 2020

Re: *Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-01288 (ER)

**BY ECF**
Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dear Judge Ramos:

We represent defendants Peter J. Nygård and Nygård Holdings Ltd. ("Nygård Holdings") in this matter. We write respectfully in response to plaintiffs' email to the Court, dated September 28, 2020, in which plaintiffs' counsel (1) reports that "the Canadian receiver" intends to destroy "5,000 boxes of documents," and (2) seeks "a letter of direction/Order" from this Court that those boxes of documents not be destroyed. As explained below, as counsel for Mr. Nygård and Nygård Holdings, we do not have possession, custody or control of the records that are the subject of plaintiffs' application. Accordingly, we take no position on the application. However, we provide additional information below regarding our understanding of the circumstances underlying plaintiffs' application, as we understand the circumstances to differ from what plaintiffs' counsel has suggested.

As background, in March 2020, the Court of Queen's Bench in Manitoba, Canada (the "Canadian Court"), appointed Richter Advisory Group Inc. (the "Receiver") as receiver for, among other entities, defendants Nygård International Partnership and Nygård Inc. (the "Receivership Defendants"). Shortly thereafter (also in March 2020), the Receiver filed a Chapter 15 proceeding in the U.S. Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court") seeking, *inter alia*, an order by the SDNY Bankruptcy Court recognizing Richter's appointment as Receiver and giving Richter's appointment full force and effect in the United States. *See In re Nygard Holdings (USA) Ltd., et al.*, No. 20-10828-smb, at Dkt. 1 & 2 (Bankr. S.D.N.Y.). The SDNY Bankruptcy Court granted the Receiver's application by Order dated April 23, 2020 (the "April 23, 2020 Order"). *See id.* at Dkt. 40. As result of the

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Chapter 15 proceeding and the April 23, 2020 Order, this case currently is stayed as to the Receivership Defendants. *See* Dkt. 52 (in this case) at n.1. When that stay is lifted, the Receiver will decide who will represent the Receivership Defendants in this action. *Id.* In addition, by order of the Court dated August 21, 2020, this action has been stayed as to all parties pending further order of the Court. Dkt. 69 (in this case).

Plaintiffs' September 28, 2020 email addresses documents that currently are within the sole possession, custody and control of the Receiver. Moreover, the Receiver is represented by independent counsel. The Receiver's U.S. counsel is Katten Muchin Rosenman LLP ("Katten"). Mr. Nygård and Nygård Holdings do not have possession, custody or control of the documents that are the subject of plaintiffs' application.

Because plaintiffs' counsel did not copy Katten on their September 28, 2020 email, we forwarded the email to Katten, and yesterday evening received from Katten information about the circumstances underlying plaintiffs' email. Katten informed us that the Receiver has sought, pursuant to a motion submitted to the Canadian Court (the motion papers are attached as Exhibit A to this letter), to relieve itself from its obligation of continuing to retain certain documents that currently are in its possession, custody and control — including, it appears, the boxes of documents to which plaintiffs refer in their email. The Receiver is seeking permission from the Canadian Court either (1) to transfer those documents to a party identified by the debtors to the pending receivership/bankruptcy proceedings (which include the Receivership Defendants), should the debtors so desire, or (2) absent the identification of such a party by the debtors, to abandon, destroy or otherwise dispose of the documents. Contrary to the suggestion in plaintiffs' September 28, 2020 email, however, pursuant to the enclosed motion papers and the information that we obtained from Katten, it appears to us that none of the documents that are the subject of plaintiffs' instant application are going to be destroyed starting on September 30, 2020. Rather, if the Receiver's motion is approved by the Canadian Court, the debtors will have until October 10, 2020 to decide whether to request that the documents be transferred to a specific party, and to identify the party to receive those documents. Any such party will then have 15 additional days to collect the documents. If no such party is identified, then the Receiver has proposed that it be permitted to abandon, destroy or otherwise dispose of the documents. The Receiver's motion is scheduled to be heard by the Canadian Court on September 30, 2020, and Katten informed us that counsel for plaintiffs in this action were served with a copy of the motion papers and therefore are aware of the foregoing.

Based on the foregoing, it appears to us that the application plaintiffs submitted to the Court yesterday is premature. As we understand it, no documents are in imminent danger of being destroyed, and a proceeding is underway in Canada to determine how to address the Receiver's stated desire to relinquish control over certain documents within its possession, custody or control. In light of that proceeding, we respectfully propose to update the Court by this Friday, October 2, 2020 regarding (i) whether, at the September 30 hearing, the Canadian Court granted the Receiver the relief it is seeking, and if it did, (ii) what we understand will or may be happening with those documents as to which the Receiver proposes to relinquish possession. We are forwarding a copy of this letter to Katten.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

                                                 Respectfully submitted,

                                                 /s/ Christopher B. Harwood
                                                 Christopher B. Harwood

cc:      Plaintiffs' counsel (by ECF)
          Michael Rosensaft and Jerry Hall of Katten (by email)