# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 28, 2021

Re:   *Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-01288 (ER)

**BY ECF**
Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dear Judge Ramos:

  We represent defendants Peter J. Nygård and Nygård Holdings Ltd. ("Nygård Holdings") in this matter. In accordance with You Honor's Order on October 20, 2020 (Dkt. 77), we have conferred with counsel for plaintiffs in this matter, and write on behalf of defendants and plaintiffs to jointly update the Court on the Court of Queen's Bench in Manitoba Canada's (the "Canadian Court") decision regarding the physical documents and ESI in the possession, custody, and control of Richter Advisory Group Inc. (the "Receiver").

  On January 20, 2021, the Canadian Court held a telephonic conference, during which the Receiver, representatives of the entities that are subject to the receivership (collectively, the "Debtors"), Mr. Nygård, and other stakeholders with a potential interest in the physical documents and ESI, including plaintiffs in this matter, all agreed to the Inkster Approval and Vesting Order, which was entered by the Canadian Court on January 26, 2021 (attached hereto as Exhibit A). Specifically, with respect to the preservation of the physical documents and ESI in the possession, custody and control of the Receiver, the Inkster Approval and Vesting Order provides:

> 10. THIS COURT ORDERS that the Receiver be and is hereby authorized and empowered to, prior to the closing of the Transaction, enter into such arrangements as the Receiver considers reasonable and appropriate for:
>
> > (a) the preservation of Electronic Records and Programs (both as defined as the Ninth Report) by means of a third-party IT service provider, with a view to preserving, to the extent feasible, the functionality of the IT System (as defined in the Ninth Report) and Electronic Records stored therein,

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

including, without limitation, the implementation of a "Cloud-Based Solution" as described and defined in the Ninth Report, subject to the direction of this Honourable Court that the Receiver and the Respondents shall endeavor to cooperate in the identification and implementation of a preservation solution to manage the costs associated with the preservation of data comprising, without limiting the generality of the foregoing, marketing and promotional materials, past shipping and logistics-related documents, high resolution pictures, patterns of clothing and other data reasonably considered to be "low priority" data for the purposes of preservation; and

(b) the storage of the Physical Records (as defined in the Ninth Report) and dismantled physical servers and equipment (including, without limitation, hard drives from local computers and servers and physical backup tapes located at the Inkster Property) at a third-party storage location, to be identified by the Receiver.

PROVIDED THAT the arrangements made by the Receiver for the preservation of Electronic Records and Programs and Physical Records shall not be based on any purported determination by the Receiver as to the relevance or irrelevance of Electronic Records and Programs and Physical Records for the purposes of document production in any litigation involving any of the Respondents and/or Peter Nygard. For clarity, nothing in this Order shall be interpreted to alter any statutory or common law obligation any of the Respondents and/or Peter Nygard may have with respect to evidence preservation and document production in respect of any litigation, to the extent within their possession, custody, or control.

Respectfully submitted,

/s/ Christopher B. Harwood

Christopher B. Harwood

cc: Plaintiffs' counsel (by ECF)